**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ANGELA DASHNAW,

                                   Plaintiff

                 - v -                                    1:05-CV-1592
                                                          (GLS/RFT)

MOSE USEN, DR. DK SHAH and GRAND
STREET MEDICAL ASSOCIATES
                              Defendants.
_____

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**


## ORDER

Presently before this Court is a Motion to Consolidate the above entitled case with *Lisa Gentile v. Dr. Nirmal Parikh, D.K Shah, M.D. PC d/b/a Grand Street Medical Associates*, case no. 05-CV-1184. Dkt. No. 7, Mot. to Consolidate, Angela Dashnaw Aff., dated Mar. 1, 2006, Mem. of Law & Exs. Both of these cases are Title VII litigations assigned to the Honorable Gary L. Sharpe, United States District Judge, and this Court. Both Defendants in this case vigorously oppose this Motion to Consolidate. Dkt. No. 20 (Defendant Shah), Robert D. Cook, Esq., Affirm., dated Apr. 13, 2006 & Mem. of Law ; Dkt No. 22 (Defendant Usen) Edward R. Hopkin, Esq., Affirm., dated Apr. 14, 2006, with Exs. & Dkt. No. 23, Mem. of Law. Plaintiff Dashnaw submitted a reply to the Defendants' Opposition. Dkt. No. 24, Steven Gottlieb, Esq., Aff., dated Apr. 23, 2006. For the reasons stated below, Dashnaw's Motion to Consolidate is **denied**.

### I. ALLEGATIONS WITH THE COMPLAINTS

For the purposes of this Motion, the allegations within the respective Complaints are presumed to be true. Further, it may aid our understanding of the commonality in these two cases if the principal

actors in both of these actions are initially identified:

> ● Defendant **Grand Street Medical Associates** (Grand Street) is a medical care and treatment facility located in Kingston, New York.
> ● Defendant **D.K. Shah**, M.D., (Shah) is the founder and director of Grand Street.
> ● Plaintiff **Angela Dashnaw** (Dashnaw) was employed at Grand Street from July 2003 to September 25, 2003, as a Customer Service Representative or Telephone Receptionist.
> ● Plaintiff **Lisa Gentile** (Gentile) was employed at Grand Street from February 12, 2001 until October 9, 2003, as a Telephone Receptionist.
> ● Defendant **Nirmal Parikh**, M.D., (Parikh) is an associate physician who was hired in or about January 1998.
> ● Defendant **Moses Usen** (Usen) was hired on June 23, 2003, as an Office Manager and was eventually promoted to Executive Administrator on August 18, 2003, becoming the supervisor over all staff.
> ● **John Betaudier** (Betaudier), a potential witness, was employed at Grand Street as an Office Administrator until September 30, 2003.  When Dashnaw was first hired, Betaudier served as her direct supervisor.

Dkt. No. 22, Def. Shah's Affs.

### A. Dashnaw's Complaint

Although Dashnaw claims she was sexually harassed and subjected to a hostile working environment by her immediate supervisor, Usen, commencing within two weeks of starting her employment with Grand Street continuing until the day she quit on September 25, 2003, she identifies within her Complaint three incidences of sexual harassment.  Dashnaw alleges that on or about August 28, 2003, Usen forcibly kissed her on the mouth without her permission, which she reported to Betaudier, her then supervisor.  She alleges that shortly after Betaudier reported this incident to Shah, he was terminated and his duties and responsibilities were assigned to Usen.  She further alleges that on September 22, 2003, Usen called her into his office, locked the door and turned off the lights.  Usen then yanked down the front of her blouse and attempted to kiss her breast while he brushed up against her.  Two days later, on September 24, 2003, during a conversation between them, Usen placed his hand on Dashnaw's chest and told her that he "missed" her.  Dashnaw asserts that her employer, D.K. Shah

and Grand Street Associates were advised of Usen's conduct but did nothing to deter or correct the sexual harassment or hostile working environment. Moreover, Defendants Shah and Grand Street assigned Usen to address all employment issues, including matters of sexual harassment. Dkt. No. 1, Dashnaw Compl. & Dkt. No. 7, Dashnaw's Aff.

### B. Gentile's Complaint

Ms. Gentile had been employed by Grand Street for a longer period of time than Dashnaw. She states in her Complaint that Dr. Parikh engaged in sexual harassment and created a hostile working environment from October 2002 until she left the medical center on October 9, 2003. Gentile alleges that Parikh committed a number of offensive and inappropriate acts toward her such as brushing up against her, slapping her buttocks and running his hands from her shoulder down to her buttocks. Although she complained to her manager, Grand Street failed to take any appropriate corrective action to stop the sexual harassment and to eliminate the hostile working environment. *See generally* Gentile's Am. Compl.[1]

## II. DISCUSSION

Dashnaw seeks to consolidate her lawsuit with Gentile's claims pursuant to the Federal Rules of Civil Procedure:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings

---

[1] Docket number 05-1184. The status of this Amended Complaint on the case docket is uncertain. Gentile submitted a stipulation to the Court seeking permission to serve and file this Amended Complaint. Dkt. No. 30. This Court granted permission and Gentile was directed to serve and file her Amended Complaint on or before June 9, 2006. Dkt. No. 31, Text Order, dated May 31, 2006. Ostensibly, at least Defendant Parikh has served and filed an Amended Answer to the Amended Complaint. However, there is no notation on the case docket that the Amended Complaint has been served on any of the Defendants nor filed on the docket. Pursuant to the Text Order, Defendant Shah has until June 27, 2006 to serve and file his Amended Answer, but only if he is or has been proper served with an Amended Complaint from Gentile. *Id.*

therein as may tend to avoid unnecessary costs or delay.
FED. R. CIV. P. 42(a).

It is a commonly understood that this Federal Rule gives broad discretion to the trial judge to consolidate legal actions where there are common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). In fact, there generally appears to be a default to consolidate actions where judicial economy is concerned. *Id.*; *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event.") (citations omitted). Further, another primary and indisputable objective of consolidation is to prevent separate actions producing conflicting results. *OHM Remediate Servs. Corp. v. Hughes Envt'l Sys., Inc.*, 952 F. Supp. 120, 121 (N.D.N.Y. 1997) (citing *Bank of Montreal v. Eagle Assocs*, 117 F.R.D. at 533). And yet, this blanket discretion does require courts to consider

> [w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. . . .  When considering consolidation, a court should also note that the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff.

*Johnson v. Celotex*, 899 F.2d at 1285 (citations omitted);

Consideration of convenience and economy some times has to yield to the paramount concern for a fair and impartial trial. *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. at 532 (noting that confusion and prejudice may be the results of an unwary consolidation). That paramount concern proscribes that courts not succumb to "[t]he systemic urge to aggregate [similar] litigation [which would] trump our dedication to individual justice, and we

must take care that each individual plaintiff's - and defendant's - cause not be lost in the shadow[s] .
. . [.]" *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) (cited in *Malcolm
v. Nat'l Gypsum Co.*, 955 F.2d at 350); *see also Kelly v. Kelly*, 911 F. Supp. 66, 69 (N.D.N.Y. 1996)
(for the proposition that the court must balance the efficiency concerns against the potential for
prejudice); *Solvent Chem. Co. ICC Indust., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196,
221 (W.D.N.Y. 2002); *Erwin-Smith v. K-mart Corp.*, 1999 WL 429505, at *1 (N.D.N.Y. Jun. 22, 1999).
Hence, courts must examine the "specific underlying facts" with "close attention" before ordering
consolidation.  *In re Repetitive Stress Injury Litig.* 11 F.3d 368, 373 (2d Cir. 1993).  Furthermore, the
burden rests with the party moving for consolidation to not only show the commonality of facts and law,
*Sidari v. Oleans County*, 174 F.R.D. 275, 281 (W.D.N.Y. 1996), but to convince the court that there
would not be any unnecessary delays or confusion,  *Kelly v. Kelly*, 911 F. Supp. at 69 (finding that
consolidation may burden the parties, the court, and the jury "with an over complication of issues and
necessary instructions.").

The parties' respective perspectives on whether the Dashnaw's and Gentile's lawsuits should
be consolidate present diametrically opposing forces in this balancing test.  However, this equation does
not easily yield to a quantifiable discussion as Dashnaw seems to suggest.  It is not the number of
common characteristics that dominate this discussion, but rather the equilibrium between judicial
efficiency and minimal prejudice that serves as the fulcrum of our analysis.

Dashnaw[2] identifies the following as the lawsuits' many common themes, facts, and legal issues:

● Gentile and Dashnaw are former female employees of Grand Street.
● Both Gentile and Dashnaw were subjected to sexual harassment and a hostile working

---

[2] We note that Gentile has not filed an application to join Dashnaw's Application for the Consolidation of these two cases.  Also, Gentile is represented by another attorney, Alan S. Zweibel.

environment. Both were touched inappropriately by other male employees of Grand Street.

● Usen and Parikh are also employees of Grand Street, who are accused of the offensive conduct.

● It is alleged that both Usen and Parikh may have sexually harassed other female employees at Grand Street.

● Both Gentile and Dashnaw complained to management about the unsavory conduct and hostile working environment.  They charged that their complaints were ignored, investigations were not conducted, the improper behavior was not corrected, and no further action was taken by the employer to eliminate the hostile working environment, notwithstanding Shah and Grand Street's knowledge of both Usen and Parikh's illegal behavior.

● Grand Street, as the employer, is a named Defendant in both cases.

Dkt. No.24, Dashnaw's Resp. to Defs.' Opp'n to Mot. to Consolidate.

On the other side of this ledger, Defendants note that there are insufficient common questions of law and fact and that the portrayal of a common thread between these two cases is more contrived than a reality.  Although they concede some similarities between the cases, such as Grand Street being named as a Defendant in both cases in which each allege sexual harassment under federal and state law, they submit that there are more dissimilarities than similarities:

● Dashnaw has not asserted any allegations against Parikh. Thus, Parikh is not a Defendant in Dashnaw's lawsuit.

● Gentile has not asserted any facts against Usen.  Thus, Usen is not a Defendant in Gentile's lawsuit.

● Betaudier may be a witness in the Gentile case but not in the Dashnaw case.

● Dashnaw's case is more specific, recounting three incidences of improper conduct, which extended over a relatively shorter period of time than Gentile's, who complains of an unspecified number of incidences of harassment over a 2 ½ year duration.

● Dashnaw pleads a *quid pro quo* theory against Usen, whereas Gentile does not make such a claim against Parikh.

● Defendants challenge whether Shah was put on notice of Parikh's alleged conduct.

● Parikh never supervised either Dashnaw or Gentile.

● Both Complaints arise out of an independent set of facts with no overlapping features other than the nature of the cause of actions being pursued.

Dkt. Nos. 20, 22 and 23, Defs.' Opp'n to Mot. to Consolidate.

When carefully paying close attention to the underlying facts of both of these cases, this Court

agrees with Defendants that consolidating these cases would not only create substantial prejudice and confusion but may imperil each Defendant's "cause" and create instead an unfair and partial trial. For example, when you compare the relative differences between the two Plaintiffs' exposure to a hostile working environment, if they were consolidated, Dashnaw may bolster her claim of pervasive hostile working environment from the longevity of Gentile's saga. Such bootstrapping may prejudice Usen. Rather than simplify these matters, we hold that there will be an over-complication of the issues requiring frequent curative instructions. We are convinced that judicial efficiency may not be present in this case, especially where there may be innumerable jury instructions just to keep the jury from lumping the particular facts into one sum. We are also persuaded that consolidation of these cases will generate considerable confusion and impose an unnecessary burden upon all. Dashnaw failed to sway this Court that there would be a savings in terms of discovery, time, and convenience to the parties. The risk of an unjust result is too great, rather than the alleviation or elimination of same if we were to approve this Consolidation Motion. Moreover, there is virtually no threat of inconsistent verdicts if we did not consolidate these cases inasmuch as it appears that each case is likely to have independent, and possibly contrary, outcomes based upon their own unique facts and circumstances.

Based upon all of the foregoing, it is hereby

**ORDERED**, that Plaintiff Angela Dashnaw's Motion to Consolidate (Dkt. No. 7) is **denied**; and it is further

**ORDERED**, that the Clerk of the Court file within case docket number 05-cv1184 a copy of this Order.

**IT IS SO ORDERED**.

Dated:   June 21, 2006
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge